**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSEPH L. RIVERS, JR.

    Plaintiff,

v.                                              Case No. 3:14-cv-408-J-32PDB

FLA. DEP'T OF CORR.,

    Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at Florida State Prison who is proceeding pro se, initiated this action by filing a letter (Doc. #1) (hereinafter Complaint) in the United States District Court for the Northern District of Florida. That court construed the letter as a complaint filed pursuant to 42 U.S.C. § 1983 and transferred the case to this Court. In the Complaint, Plaintiff complains about the adequacy of the kosher meals he is served.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) Case Number 2:96-cv-455-FTM-24;[1] (2) Case Number 3:01-cv-456-J-21TJC; and, (3) Case Number 3:01-cv-529-J-25HTS.[2] The Court also takes judicial notice of Plaintiff's previous filing in this Court in Case Number 3:13-cv-1256-J-32JBT, in which Plaintiff complained about the lack of a kosher diet at his institution. That case was dismissed under the three strikes provision. Additionally, the Court informed Plaintiff that he could initiate a new civil rights action by filing a civil rights complaint form and paying the full $400.00 filing fee. However, Plaintiff has elected to raise his claims by filing a letter in the wrong court rather than following this Court's instructions.

Accordingly, for the above-stated reasons, this case will be dismissed without prejudice.[3] If Plaintiff desires to initiate a civil rights action in this Court, he must file the complaint on the appropriate form and fully complete each section of the form. Further, he must either pay the full $400.00 filing fee or explain in a fully completed affidavit of indigency

---

[1] Plaintiff's name is listed as "Rivers L. Joseph" in that case; however, the prisoner number listed in that case is the same prisoner number (#106523) Plaintiff provides in this case.

[2] All three of these cases were dismissed for Plaintiff's abuse of the judicial process. The Eleventh Circuit has noted that such dismissals constitute "precisely the type of strike that Congress envisioned when drafting section 1915(g)." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

[3] It does not appear that Plaintiff is in imminent danger of serious physical injury. Although he states, in a conclusory manner, that he is being starved, he admits he is being fed three meals a day.

2

how he meets the "imminent danger of serious physical injury" exception to dismissal under the three strikes provision.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED** without prejudice.

2. The **Clerk** shall enter judgment dismissing this case without prejudice and close this case.

3. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $400.00 filing fee (if he does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

4/14
c:
Joseph L. Rivers, Jr.